# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Bruce,<br><br>      Plaintiff,<br><br>  v.<br><br>Abanoob Abdel-Malek.,<br><br>      Defendant. | CASE NO. EDCV 21-234 DOC (KKx)<br><br>ORDER DENYING MOTION TO RECUSE |

On February 22, 2021, defendant Abanoob Abdel-Malak ("Abdel-Malak")[1] filed an *ex parte* application to disqualify the assigned District Judge, the Honorable David O. Carter, and the assigned Magistrate Judge, the Honorable Kenly Kia Kato. (Docket No. 15.) In the body of his application, Abdel-Malak also seeks to disqualify all judges in this District. (Application, p. 41.) Pursuant to General Order 19-03 and Local Rule 72-5, the Motion was assigned to the undersigned for decision. (Referral of Motion to Disqualify District Judge, February 22, 2021; Docket No. 16).

---

[1] Because the applicant's last name is rendered in different ways in various pleadings, the Court uses the hyphenated form Abdel-Malak for consistency.

The Application is over length, rambling, and seeks various forms of relief going well beyond the request to disqualify. The Court considers only the request to disqualify.

At the outset, the Count notes that neither the District Judge nor the Magistrate Judge has made any substantive rulings in this case. There are three related litigations.

<u>Pierce v. Abdel-Malak</u>, EDCV 19-808 DOC (K.) ("Abdel-Malak I"). The case was remanded to Superior Court based on the recommendation of Magistrate Judge Kato and the order of Judge Carter. (Docket No. 7.)

<u>Abdel-Malak v. Doe</u>, ECV 20-322 JBH (K.), was assigned to Judge Holcomb and Magistrate Judge Kato, and was eventually dismissed for failure to prosecute. (Docket No. 49.)

<u>Piece v. Abdel-Malak</u>, Case No ECV 21-196 DOC (K.). After several interim transfers, the case was assigned to Judge Carter and Magistrate Judge Kato. (Docket No. 20.) No substantive rulings have been issued, but Judge Carter did deny Abdel-Malak's application to proceed *in forma pauperis*. (Docket No. 20.)

I. <u>Disqualification under Section 455.</u>

Section 455(a) provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The fact that a judge has made rulings adverse

to a party, standing alone, is not a basis for disqualification. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1581 (9th Cir. 1989).

Abdel-Malak asserts that "Judge Carter denied me access to federal Court." (Application, pp.15, 31.) The Court assumes that this is a reference to the remand order in <u>Abdel-Malak I</u>. A judge's adverse rulings, without more, will not support recusal. <u>Litkey</u>, 510 U.S. at 555. There is nothing more here. There is no external evidence of personal bias or conflict. For present purposes, "personal bias" means a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation. <u>Craven v. Unites States</u>, 22 F.2d 605, 607 (1st Cir. 1927); <u>accord</u> <u>United States v. Carignan</u>, 600 F.2d 762, 763-64 (9th Cir. 1979). It is an "attitude toward [the challenging party] that is significantly different from and more particularized than the normal general feeling of society at large." <u>Mims v. Shapp</u>, 541 F.2d 415, 417 (10th Cir. 1977).

Abdel-Malak also vaguely asserts without support that "some of the judges of this Court could also be disqualified because they all have at least a professional, and likely personal, relationship with some of the Defendants/District Judge David O. Carter, Magistrate Judge Kenyl [*sic*] Kato, District Judge Jesus Bernal, [and several state judges] could be substantially affected by the outcome of the case."[2] (Application, p. 22.)

---

[2] Abel-Malak makes reference to 28 U.S.C.§ 455(b) in making this assertion. He provides no evidence to show how any of the judicial officers might be affected. There is no basis for disqualification under Section 455(b).

3

None of the unsupported allegations would cause a reasonable person to question the impartiality of either Judge Carter or Magistrate Judge Kato. 28 U.S.C. §455(a).

II.  Conclusion.

Abdel-Malak's Application disqualify is denied.

Dated: February 26, 2021

_____
James V. Selna
United States District Judge